**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

Case No. .**1:25-cv-01224-TWP-CSW**

**ELBERT COLEMAN**

Judge Tanya Walton Pratt

Plaintiff,

Removed from Marion County Superior Court
Case No. **49D04-2504-CT-017424**

V.

<div style="border:2px solid red;">

# FILED

**06/20/2025**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Kristine L. Seufert, Clerk**

</div>

**COINBASE INC.,**

Defendants,

Plaintiff, Elbert Coleman, files this: **MOTION :**

## PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND OBJECTION TO REMOVAL

Plaintiff Elbert Coleman respectfully moves this Honorable Court to remand this action back to Marion Superior Court pursuant to **28 U.S.C. § 1447(c)** and in support states the following:

## I. INTRODUCTION

Coinbase's attempted removal is **procedurally and jurisdictionally defective**, violates the removal statutes' strict construction, and disregards multiple controlling authorities, including **Indiana Trial Rules**, **federal due process**, and **United States Supreme Court precedent** on timely and proper service.

Coinbase improperly removed this case **without ever being served**, in direct contradiction of **28 U.S.C. § 1446(b)** and settled Seventh Circuit precedent that conditions removal jurisdiction on formal service.

## II. LEGAL STANDARD: REMOVAL IS NOT PROPER UNTIL DEFENDANT IS SERVED

Under **28 U.S.C. § 1446(b)(1)**, removal is proper **"within 30 days after the defendant receives _through service or otherwise_ a copy of the initial pleading."**

But in **Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999)**, the **U.S. Supreme Court** held:

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."

2

Accordingly, **the 30-day clock for removal does not begin until proper service has occurred** under state law. Since Coinbase admits in its own removal notice (¶ 8) that it was **not served**, the removal is premature, and this Court lacks jurisdiction.

The **Seventh Circuit** has repeatedly held the same. See:

- **Copley v. Wyeth, Inc., 2007 WL 3342528 (S.D. Ind. Nov. 7, 2007):** "Removal was improper because Defendants were not formally served."

- **Barrett v. Johnson & Johnson, 2014 WL 4169114 (S.D. Ind. Aug. 20, 2014):** "Without formal service, the clock for removal does not begin to run."

- **Phoenix Container, L.P. v. Sokoloff, 235 F.3d 352 (7th Cir. 2000):** "The language 'through service or otherwise' must be interpreted to require proper service.

### III. DEFENDANT'S ATTEMPT TO REMOVE BASED ON SELF-DISCOVERY VIOLATES DUE PROCESS AND INDIANA PROCEDURE

Coinbase's removal, based solely on "discovering the complaint online" (Notice ¶ 8), **violates due process** and Indiana service rules. Indiana Trial Rule 4 requires **certified mail, personal service, or court-approved publication** to invoke jurisdiction.

The state court already denied Plaintiff's default motion for lack of confirmed service. This means **Coinbase is not yet under the court's jurisdiction**, and thus **cannot remove**.

Federal courts are clear: **self-notice is not sufficient**. See:

- **Moore v. North America Sports, Inc., 623 F.3d 1325 (11th Cir. 2010):** "Defendant cannot remove based on its own investigation absent service."

- **Pritchett v. Office Depot, Inc., 420 F.3d 1090 (10th Cir. 2005):** "Allowing pre-service removal violates the strict construction of removal statutes."

## IV. NO FEDERAL QUESTION JURISDICTION EXISTS OVER EFTA CLAIMS REMOVABLE IN EQUITY

Even assuming removal jurisdiction was timely, Coinbase's reliance on 28 U.S.C. § 1331 (federal question) is misplaced. While EFTA provides a federal cause of action, **Congress did not preempt state court jurisdiction** for such claims.

- See **15 U.S.C. § 1693m(g)**: "Any action under this section may be brought in any appropriate United States district court or in any other court of competent jurisdiction."

This means Plaintiff **had the right to choose Indiana court** for his EFTA and Regulation E violations. Removal based solely on a federal statute is **not mandatory**, and in this case, Plaintiff made a deliberate and proper choice of forum.

## V. COMPLETE DIVERSITY IS IRRELEVANT WHEN REMOVAL IS DEFECTIVE UNDER § 1446

Coinbase claims complete diversity under 28 U.S.C. § 1332—but diversity jurisdiction only matters **after proper removal procedure is followed.** Courts routinely remand improperly removed actions, even where diversity exists. See:

- **Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999)**: "Improper removal must be remedied by remand even if diversity exists."

-

## VI. PRAYER FOR RELIEF

For the reasons above, Plaintiff respectfully requests that this Court:

1. **GRANT** this motion to remand the action to Marion Superior Court,

2. **ORDER** that Defendant pay just costs and actual expenses incurred, including attorney's fees, under 28 U.S.C. § 1447(c), and

3. **STRIKE** or **dismiss** Coinbase's improper Notice of Removal as premature and jurisdictionally defective.

4. **ATTACHED EXHIBIT A-C LETTER FROM DEFENDANT COUNSEL NOTICE OF SERVICE ADMISSION RECEIVED FROM COINBASE INC. TO CFPB.**

**Executed on this 20st day of June, 2025**

Respectfully submitted,

//ss:  **Elbert Coleman III**

**Elbert Coleman III,** *PRO SE*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I sent a copy of this **PLAINTIFF'S MOTION TO REMAND TO STATE**

**COURT AND OBJECTION TO REMOVAL,** by mail and email to the opposing parties on this

20th day of June, 2025.

**Steven C. Coffaro (19767-15)**
**Keating Muething & Klekamp PLL**
**One East Fourth Street, Suite 1400**
**Cincinnati, OH 45202**
**Telephone: 513.579.6489**
**Fax: 513.579.6457**
**Email: steve.coffaro@kmklaw.com**
**Attorney for Defendant, Coinbase, Inc.**

Respectfully submitted,

//ss: Elbert Coleman III

Elbert Coleman III, *Pro Se*