## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELBERT COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01224-TWP-CSW |
| | ) | |
| COINBASE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO REMAND AND MOTION FOR EXPEDITED RULING, PRELIMINARY INJUNCTION, AND TO LIFT STAY

This matter is before the Court on *pro se* Plaintiff Elbert Coleman's ("Coleman") Motion to Remand (Dkt. 4) and Motion for Expedited Ruling, Preliminary Injunction, and to Lift Stay (Dkt. 26). For the following reasons, these motions are **denied**, with the exception that this Court **grants** issuing an expedited ruling on Dkts. 4 and 26.

## I.    BACKGROUND

Coleman initiated this action against Coinbase, Inc. ("Coinbase") on April 12, 2025, in Indiana state court. On June 20, 2025, Coinbase removed the action to federal court, alleging that Coleman asserts federal claims under the Electronic Fund Transfer Act ("EFTA"), that the parties are diverse, and that Coleman seeks more than $75,000.00, thus satisfying federal question and diversity jurisdiction (Dkt. 1). The same day the case was removed, Coleman filed a Motion to Remand (Dkt. 4). In the following weeks, both parties filed several motions. In response to the rapid filings, the Magistrate Judge stayed all case deadlines and proceedings pending rulings on the outstanding motions (Dkt. 24). Coleman then filed a Motion to Reconsider the stay order, which the Magistrate Judge denied (Dkt. 27). On July 29, 2025, Coleman filed the instant Motion for Expedited Ruling, Preliminary Injunction, and to Lift Stay (Dkt. 26).

## II.  DISCUSSION

This Order addresses only Coleman's Motion to Remand and Motion for Expedited Ruling, Preliminary Injunction, and to Lift Stay. The remaining motions will be addressed in due course.

### A.  Motion to Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." *Id.* § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Coleman argues that Coinbase's removal was improper for three reasons: (1) removal was premature because it was filed before Coinbase was formally served; (2) removal was untimely because it was filed more than thirty days after Coinbase had actual notice of the lawsuit; and (3)

EFTA claims may be brought in state court (Dkt. 4 at 2–4; Dkt. 5). Coinbase responds that Coleman's arguments are incorrect as a matter of law, and the Court agrees.

The removal statute provides that removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Courts in the Seventh Circuit have interpreted this provision as setting the *latest* date by which removal can be filed, not the earliest. Nothing in the language of the statute prohibits a defendant from removing an action before being formally served. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529–30 (7th Cir. 2004); *In re Pradaxa Products Liability*, No. 12-md-2385, 2013 WL 656822 (S.D. Ill. Feb. 22, 2013) ("Section 1446(b)(1) merely establishes the deadline or outer limit for filing a notice of removal, after which removal is untimely. Nothing in section 1446(b)(1), or any other statute, indicates that a defendant must formally receive the complaint before removing the case." (citations omitted)). Coinbase's removal is therefore not premature.

Coleman also argues that Coinbase's removal was untimely because it was filed more than thirty days after Coinbase first learned about this lawsuit and the Complaint (Dkt. 5). The United States Supreme Court long ago decided that a defendant's thirty-day deadline to remove does not begin upon "mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Instead, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons." *Id.* Coleman does not assert that Coinbase was served with a summons when, or before, it received the Complaint, so Coinbase's removal is not untimely.

Coleman's final argument regarding the EFTA and preemption is also incorrect. Coleman argues that the EFTA does not "preempt state court jurisdiction," so he may pursue EFTA claims

in state court. The fact that a state court *could* hear Coleman's EFTA claims does not mean that Coinbase cannot remove those claims to federal court. Coinbase's removal was proper, despite Coleman's preference to litigate in state court.

For these reasons, Coleman's Motion to Remand is **denied**.

**B.**    **Motion for Expedited Ruling, for Preliminary Injunction, and to Lift Stay**

Coleman argues that Coinbase's continued refusal to return his lost funds ($39,341.00) has caused and is causing him irreparable harm. He asks the Court to enter a preliminary injunction ordering Coinbase to return his digital funds, expedite rulings on his pending motions, and lifting the stay imposed by the Magistrate Judge.

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See Int'l Profit Assocs., Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (citation modified).

Coleman does not satisfy any of the three threshold requirements. As to the first two requirements—that he will suffer irreparable harm and traditional legal remedies would be inadequate—allegations of monetary harm generally do not constitute irreparable harm for purposes of a preliminary injunction, and Coleman has an adequate remedy at law—a damages award. *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough . . . . [The] possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am., Inc.*, 549 F.3d 1079, 1096 (7th Cir. 2008) (stating that a party seeking a preliminary injunction must show that traditional legal remedies, like money damages, would be inadequate).

And as to the third threshold requirement, Coleman has not established a likelihood of success on the merits of his claims. His request for injunctive is comprised of legal conclusions and several citations to either egregiously miscited or possibly non-existent cases.[1] He provides no facts to support his allegations of "clear liability," offers no admissible support for his claims, and fails to show any likelihood of success on the merits of his claims.

Coleman's Motion for Expedited Ruling is **granted in part**, as the Court has expeditiously ruled on the motions addressed in this Order; but that motion is **denied in part** as he has not shown any genuine need for expedited rulings on his remaining motions.

The Magistrate Judge's Orders issuing the stay are sound. (*See* Dkts. 24, 27). Coleman's motion for the Court to lift its stay is **denied** as he has shown no reason to lift the stay.

---

[1] The Magistrate Judge's July 21, 2025 Entry states: "**Going forward, if either party files a brief with a non-existent citation, the Court will order that a party to show cause as to why it should not be sanctioned for violating Rule 11.**" (Dkt. 24 at 2 (emphasis in original). In this Order, the Court does not address whether the improper citations in Coleman's Motion for Expedited Ruling warrant sanctions but may order Coleman to show cause in a later order.

### C.      Admonishment

Coleman has filed a series of repetitious motions which are a drain on the Court's ability to process and consider his case and those of many others with pending cases before the Court. Some of the motions may be meritorious, and Coleman is entitled to litigate his claims earnestly and receive the same attention and thoroughness the Court would afford any other party. But he is not entitled to monopolize the Court's resources by repeatedly filing motions in disregard of this Court's other orders. He also is not entitled to repeatedly present the same issues in search of a favorable ruling. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."). The Court will resolve the motions in this case as expeditiously as possible and in due course. Coleman is requested to be patient and admonished to be cautious in the future with his filings.

### III.      CONCLUSION

For the reasons stated above, Coleman's Motion to Remand (Dkt. 4) is **DENIED**. His Motion for Expedited Ruling, Preliminary Injunction, and to Lift Stay (Dkt. 26) is **GRANTED in part and DENIED in part**. The request for expedited ruling is **granted** that the Court has expeditiously ruled on Dkts. [4] and [26] and **denied** as to the remaining pending motions. Coleman has not met any of the threshold requirements for a preliminary injunction so the request for preliminary injunctive relief is **denied**. Coleman's request to lift the stay is **denied**. All case deadlines and proceedings **REMAIN STAYED** pending a ruling on the parties' remaining

motions, which will be ruled on in due course. Coleman is admonished to refrain from filing repetitious motions, should honor the **STAY** and follow the detailed instructions at Dkt. 24.

**SO ORDERED**.

Date:   8/6/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ELBERT COLEMAN
P.O Box 681546
Indianapolis, IN 46268

Steven C. Coffaro
Keating Muething & Klekamp
steve.coffaro@kmklaw.com